REQUESTED BY: Margaret L. Higgins, Director Department of Motor Vehicles
1: Are vehicles owned by Natural Resource Districts classified as government owned vehicles and therefore required to display government plates pursuant to Neb.Rev.Stat. § 60-311(3)?
2: If not government owned vehicles, are Natural Resource Districts entitled to tax exemption in accordance with Neb.Rev.Stat. § 77-202?
3: Are Natural Resource Districts allowed to waive tax exempt status, make full payment of registration fees and taxes and therefore display regular passenger vehicle plates?
4: What is the current status of credit unions, federal land banks and public power and irrigation districts with regard to payment of registration fees and property and sales taxes?
1, 2, 3: Vehicles owned by Natural Resource Districts are required to display tax exempt but not government license plates. They may not waive the tax exempt status and must pay all required motor vehicle registration fees.
4: Credit unions are not exempt from either taxation or registration fees. Federal land banks are exempt from both. Public power and irrigation districts are exempt from taxation but are liable for registration fees the same as Natural Resource Districts.
DISCUSSION
The request concerning the type of license plate and whether registration fees and taxes should be assessed for vehicles belonging to certain governmental entities involves several interrelated issues. We begin by discussing the Natural Resource Districts (NRD).
In order to answer whether NRD owned motor vehicles are tax exempt government vehicles it must first be determined if NRDs are governmental subdivisions which are immune to taxation under Neb.Rev.Stat. § 77-202 (Reissue 1984). The Supreme Court of Nebraska in Catania v. The University of Nebraska, 204 Neb. 304 (1979) identified certain factors which designate political subdivisions. They indicated that, political subdivisions have fixed geographic boundaries, have authority to levy taxes and to conduct public elections. Applying these criteria to the natural resource districts and reviewing the statutes regulating NRDs, it is apparent that the districts have fixed geographical boundaries, are empowered to propose regulations through the referendum process and may levy taxes. See, Neb.Rev.Stat. §§ 2-3244 and2-3225.
Viewing NRDs as government subdivisions based on the Catania criteria is consistent with the position previously taken in Attorney General Opinions dated February 20, 1940, July 26, 1941, January 26, 1942, and December 7, 1979, all of which refer to the districts as governmental subdivisions. Since NRDs are governmental subdivisions their property is exempt from taxation. Tax exempt status cannot be waived because Nebraska Constitution Article VIII Section2 and Neb.Rev.Stat. § 77-202 both provide that property of the state and its governmental subdivisions shall be exempt from taxation.
It does not necessarily follow that the district must display government plates. The applicable statute regarding the licensing of government owned vehicles provides as follows:
 "The Department of Motor Vehicles may provide a distinctive license plate for all motor vehicles owned or operated by the state, counties, municipalities, or school districts. Such government-owned motor vehicles shall display such distinctive license plates when such plates are issued." Neb.Rev.Stat. § 60-311(3) (Reissue 1984).
By virtue of their authority to levy taxes NRDs are self funding governmental subdivisions. Any property purchased by NRDs is the sole property of that district and not state owned. Consequently, motor vehicles of the NRDs do not fall within the category of state owned motor vehicles and thus are not required to display government plates in accordance with § 60-311(3). Yet, Neb.Rev.Stat. § 60-311.02 requires that the districts display plates bearing the words "tax exempt."
In regard to the motor vehicle registration fees, we find no significant change in the statutes since the February 20, 1940 and July 26, 1941 Attorney General opinions. Neb.Rev.Stat. §§ 60-302 and 60-335 make it clear that all motor vehicles are required to be registered regardless of ownership and that every owner, except those enumerated in the statute, must pay the registration fee required for that type of vehicle. Natural Resource Districts are not specifically excluded from payment of registration fees.
A similar analysis is necessary to determine whether credit unions, federal land banks, public power and irrigation districts are tax exempt for the purposes of § 77-202
and if they are exempt from payment of registration fees. Federal land banks are clearly exempt from all taxes and fees. This determination was pointed out in Attorney General Opinion, dated January 27, 1942. In pertinent part it stated, "section 26 of the Federal Farm Loan Act of July 17, 1916, contains the provision that every federal land bank shall be exempt from federal, state, municipal and local taxation". The provision exempting federal land banks from taxation is cited in U.S.C.A. Title 12 § 2055 (1980).
Additionally, that opinion cited Neb.Rev.Stat. § 60-328
(Reissue 1941), now Neb.Rev.Stat. § 60-335 (Reissue 1984), which exempts from the payment of registration fees all motor vehicles owned and used by the United States government.
A credit union as defined by Neb.Rev.Stat. § 21-1760
(Reissue 1984) is "a cooperative association organized . . . for the purpose of (1) promoting thrift among its members, (2) creating a source of credit for provident and productive purposes, and (3) carrying on such collateral activities. . ." Since they are not a part of the state government nor a governmental subdivision, credit unions are not exempt from taxes under Neb.Rev.Stat. § 77-202 (Reissue 1984). Consequently, credit unions are liable for all taxes and registration fees.
With respect to public power and irrigation districts the Supreme Court of Nebraska in Platte Valley Public Power Irrigation District v. County of Lincoln, 144 Neb. 584
(1944), held that the public power and irrigation districts are governmental subdivisions. As such all property owned by the districts is tax exempt. However, the districts must pay motor vehicle registration fees on all vehicles owned by them because they are not specifically excluded by statute.
Yvonne E. Gates Assistant Attorney General